CAVENY v. NEELY.

1. CARRIERS—NEGLIGENCE.—In action to recover damages for injuries received by plaintiff while a passenger on defendant's hack, testimony in support of the allegations of the complaint is competent to show carelessness and negligence on the part of defendant's servant, the driver of the hack, in producing the alleged injury, by abandoning the hack as well as in driving against a pole.

2. IBID.—IBID.—CHARGING JURIES.—The trial judge did not err in failing to limit the jury to one act of negligence where he was not requested so to charge, and where the complaint alleged, and there was evidence tending to show, other acts of negligence.

3. IBID.—IBID.—The trial judge did not err in charging that the master must provide suitable appliances for the conduct of his servants, and, as carriers of passengers for hire, are bound to furnish good vehicles and skillful servants, there being testimony tending to show that the vehicle was not a suitable one to convey the number of passengers received, and that the driver was not skillful.

Before WATTS, J., York, April, 1894.

Action by W. J. Caveny against J. H. Neely and Ed. Fewell, partners as Neely & Fewell, to recover damages for injuries received on July 8, 1892. Action commenced in February, 1893.

*Messrs. Wilson & Wilson,* for appellants.

*Messrs. Hart & Hart* and *Finley & Brice,* contra.

January 9, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This was an action for damages brought against the defendant by the plaintiff, who fell or was thrown from defendants' hack while being driven from the business part of Rock Hill to Oakland Park, on the outskirts of the city. Paragraph 4 of the complaint alleges negligence as follows: "That soon after said vehicle began its trip, and while in the streets of said town, owing to the carelessness and negligence of defendant's servant conducting the same, it was allowed to come in collision with and driven against a post standing near the street, causing the breaking of the pole or tongue of said

hack, and causing the horses drawing the same to become frightened and to run, and the agent and servant driving and conducting the horses thereupon abandoned the hack and left the horses drawing the same without control. That thereafter said hack was drawn at a rapid rate by the uncontrolled horses at great peril to plaintiff and the other passengers therein, and was overturned and broken. That the plaintiff fell or was violently thrown therefrom, during the flight of the horses, and just before the upsetting of the vehicle, whereby he received severe and dangerous injuries to his person, to wit, &c."

The jury rendered a verdict for the plaintiff in the sum of five hundred dollars. The defendants appealed to this court on the following exceptions: "1. For that his honor erred in admitting testimony, over defendants' objections, going to prove acts of carelessness or negligence on the part of defendants' servant after the vehicle came in collision with the post, except as going to show what damage resulted. 2. Because he refused and failed to charge the jury that the defendants could only be held responsible for the carelessness and negligence of defendants' servant, in allowing the vehicle to come in collision with and to be driven against a post standing near the street. 3. Because he charged that a master must provide suitable appliances for the conduct of his servants, and that they (carriers of passengers for hire) are bound to furnish good vehicles and skillful servants."

The first exception cannot be sustained because: 1st. The testimony objected to was in response to the allegations of the complaint. 2. It was admissible for the purpose of showing that the injury alleged was the proximate and natural result of negligence and carelessness of the defendants set forth in the complaint. *Harrison* v. *Berkeley*, 1 Strob., 549, 551. In that case the court says: "The defendant cannot complain that an agent, which his own act naturally brought into operation, has occurred to produce the result."

The second exception cannot be sustained, because: 1st. There is nothing in the "Case" showing that the presiding judge *refused* to charge as therein set forth, and a *failure* to charge unless requested will not support an excep-

tion to the court.   2d.   It would have been error on the part
of the presiding judge to have charged the jury in the manner
complained of by the defendants.   *Harrison* v. *Berkeley, supra.*

There was no error on the part of the presiding judge in
charging the jury as alleged in the third exception, because:
1st. The doctrine was correctly stated by him.   2d.   The
testimony showed that the doctrine therein contained
was applicable to this case, in that there was testimony
introduced upon the trial showing that the vehicle was not a
suitable one to convey as large a crowd as defendants' servant
allowed to enter it, and there was testimony tending to show
that the driver was not skillful.

It is the judgment of this court, that the appeal be dismissed,
and the judgment of the Circuit Court be affirmed.